UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-22558-CIV-O'SULLIVAN

[CONSENT]

JORGE MOREJON,
    Plaintiff,

v.

LOUISVILLE LADDER, INC.,
    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant's Motion for Partial Summary Judgment Against Plaintiff and Incorporated Memorandum of Law (DE# 18, 1/2/18).

## BACKGROUND

On July 10, 2017, the instant action was removed on diversity jurisdiction to the United States District Court for the Southern District of Florida. See Notice of Removal (DE# 1, 7/10/17). The Amended Complaint alleges the following causes of action against defendant Louisville Ladder, Inc. (hereinafter "defendant"): strict liability (Count I) and strict liability (negligence) (Count II). Amended Complaint (DE# 1-3).[1]

On January 2, 2018, the defendant filed a motion for partial summary judgment and statement of undisputed facts. See Defendant's Motion for Partial Summary Judgment Against Plaintiff and Incorporated Memorandum of Law (DE# 18, 1/2/18)

---

[1] The Amended Complaint also alleged a cause of action against Eduardo Moncada and Ana G. Moncada. The Moncadas are no longer defendants in the case. On June 23, 2017, the state court entered a Final Judgment as to the Moncadas (DE# 1-6).

(hereinafter "Motion"); Defendant's Statement of Undisputed Material Facts Filed in Support of Its Motion for Partial Summary Judgment Against Plaintiff (DE# 19, 1/2/18) (hereinafter "SOF"). The plaintiff filed his response on January 30, 2018. See Plaintiff's Response in Opposition to Defendant Louisville Ladder, Inc.'s Motion for Partial Summary Judgment (DE# 23, 1/30/18) (hereinafter "Response"); Plaintiff's Response to Defendant Louisville Ladder, Inc.'s Statement of Undisputed Material Facts and Plaintiff's Statement of Facts in Opposition to Defendant's Motion for Partial Summary Judgment (DE# 22, 1/30/18) (hereinafter "RSOF"). The defendant filed its reply on February 6, 2018. See Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion for Partial Summary Judgment (DE# 24, 2/6/18) (hereinafter "Reply").

This matter is ripe for adjudication.

## FACTS

On October 29, 2015, the plaintiff fell while using a ladder to descend from the roof of a property. SOF at ¶ 1; RSOF at ¶¶ 1-2. The ladder was manufactured by the defendant. Id. at ¶ 2. The ladder had been gifted to the plaintiff by a friend. RSOF at ¶ 7. The ladder was in good condition and had a warning and instruction label[2] on it. SOF at ¶ 7.

The label complied with the standards promulgated by the American National Standards Institute (the "ANSI Standards"). Id. at ¶ 13. The ANSI Standards are voluntary. RSOF at ¶ 20. "The ANSI standards are not concerned with a person getting

---

[2] The parties use the term "label" and "labels" interchangeably when referring to the written warning and instructions on the subject ladder.

2

on or off a roof from [a] ladder" and "[t]he physical forces acting on the ladder and contemplated by ANSI testing are different from the forces acting on the ladder under the facts of this case." Id. at ¶ 21-22 (citing the Affidavit of Oren Masory).[3] The purpose of the ANSI Standards is to provide reasonable safety for life, limb and property. Id. at ¶ 15.

The ladder included the following warning and instructions:

**WARNING**

...Failure to read and follow instructions on the use of this product could result in serious personal injury or death.

**CONSIDER BEFORE EACH USE**

...

8. Pay close attention to what you are doing.

9. Use this product at your own risk.

**PROPER SET-UP AND USE**

7. Do not over extend. A minimum overlap of sections is required as follows:

   Ladder size up to and including 32' – 3' overlap...

8. Position ladder against upper support surface. Make sure ladder does not lean to one side...

...

12. Check that top and bottom of ladder are properly supported...

---

[3] The defendant has moved to exclude the plaintiff's liability expert, Oren Masory, under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Because the instant motion for summary judgment can be resolved without resorting to Mr. Masory's opinions to establish an issue of fact, the Court does not need to rule on the Daubert motion before addressing the instant summary judgment motion.

3

> ...
>
> 14. Keep body centered between side rails. Do not overreach. Get down and move ladder as needed.
>
> ...
>
> 17. Avoid pushing or pulling off to side of ladder...

SOF at ¶ 11 (quoting Exhibit "C"); RSOF at ¶ 24. "The warning labels require that a user extend the ladder three feet above the roof surface making it impossible (or extremely dangerous) to climb over the top of the ladder" and "[t]here is no way to get from the ladder to the roof while complying with that warning label instruction." RSOF at ¶¶ 25-26. Other materials created by the defendant "have no instructions whatsoever on how to get on or off a roof." Id. at ¶ 27.

The plaintiff read the warning and instruction label prior to using the ladder. SOF at ¶ 8; RSOF at ¶ 8. The plaintiff testified that the label was adequate as to the positioning and set up of the ladder. RSOF at ¶ 9. Having read the label, the plaintiff "had no questions, curiosities, issues or concerns with how to properly set up the ladder." Id. at 10. "[The p]laintiff does not dispute that he testified he did not rely on the ladder labels when setting up the ladder." RSOF at ¶ 12.

The plaintiff's expert testified that the label did not cause the plaintiff's injuries. RSOF at ¶ 16; Affidavit of Oren Masory (DE# 23-4 at ¶ 3, 1/30/18). The plaintiff's expert is not and does not consider himself to be an expert in the field of warnings. SOF at ¶ 17; RSOF at ¶ 17.

## **STANDARD OF REVIEW**

The Court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(a), which states as follows:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a).

The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). That is, "[t]he moving party bears 'the initial responsibility of informing the . . . [C]ourt of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.'" U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323). In assessing whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Id. If the record presents factual issues, the Court must deny the motion and proceed to trial. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Despite these presumptions in favor of the non-moving party, the Court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense

to the parties and to the Court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-23. Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id. at 322-323. Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

## ANALYSIS

The defendant seeks summary judgment in its favor on the portion of Count II which alleges that the defendant breached its duty by "[f]ailing to warn users of the design defects in the Ladder." Amended Complaint (DE# 1-3 at ¶ 23(d)).[4] Specifically, the defendant argues that it is entitled to summary judgment on the plaintiff's failure to warn claim because: "(1) [the defendant]'s warning and instruction label is 'accurate, clear and unambiguous'; (2) Plaintiff did not rely on the applicable warning and instruction label; and (3) Plaintiff has not proffered any expert testimony on the issue of

---

[4] Count II alleges other breaches by the defendant which are not the subject of the instant motion for partial summary judgment. See Amended Complaint (DE# 1-3 at ¶ 23).

6

the alleged 'inadequacy' of the ladder's labels." Motion at 8.

"Products can suffer three types of defects: design, manufacturing, and inadequate warning." Zaccone v. Ford Motor Co., No. 2:15-CV-287-FTM-38CM, 2017 WL 1376160, at *3 (M.D. Fla. Apr. 17, 2017) (citing Jennings v. BIC Corp., 181 F.3d 1250, 1255 (11th Cir. 1999)). "Under Florida law, a manufacturer and distributor of a product have a duty to warn of the inherent dangers associated with a product when the product has dangerous propensities." Pinchinat v. Graco Children's Prod., Inc., 390 F. Supp. 2d 1141, 1149 (M.D. Fla. 2005) (citing Advance Chem. Co. v. Harter, 478 So.2d 444, 447 (Fla. 1st DCA 1985)). As one court has noted:

> A manufacturer must take reasonable precautions to avoid reasonably foreseeable injuries to the users of its products, and thereby assumes a duty to convey to the users of that product a fair and adequate warning of the dangerous potentialities of the products so that the user, by the exercise of reasonable care, will have fair and adequate notice of the possible consequences of the product's use or misuse.

Id. (citing Humphreys v. General Motors Corp., 839 F.Supp. 822, 829-30 (N.D. Fla. 1993)).

"Under Florida law, '[s]trict liability and negligent failure to warn cases boil down to three elements that Plaintiff must prove: 1) that the warnings accompanying the item were inadequate; 2) that the inadequacy of the warnings proximately caused Plaintiff's injury; and 3) that Plaintiff in fact suffered injury by using the product.'" Alvarez v. Gen. Wire Spring Co., No. 8:07-CV-1319-T-33TGW, 2009 WL 248264, at *8 (M.D. Fla. Feb. 1, 2009) (quoting Colville v. Pharmacia & Upjohn Co., LLC, 565 F.Supp.2d 1314, 1321 (N.D. Fla. 2008)).

With respect to the causation element, the defendant argues that:

> Plaintiff's lack of reliance on the warning and instruction label accompanying the subject ladder is fatal to his failure to warn claim. If Plaintiff did not rely on the warning and instruction label attached to the ladder, Plaintiff's claim that the label was "inadequate" is unsubstantiated and misplaced. There can be no causation for failure to warn unless Plaintiff relied on the warning and label to provide him with information to prevent the alleged incident from occurring and that a different warning would have prevented his alleged injured.

Motion at 10.

The plaintiff responds that "[he] does not intend to argue that the ladder warning labels (or their ambiguity) necessarily caused Plaintiff's fall" and that "there is evidence from which a jury could infer that Defendant failed to warn of design defects inherent to this type of ladder, especially in applications involving roof structures." Response at 1. The plaintiff does not otherwise address the defendant's argument that the plaintiff cannot show that the label proximately caused his injury because he did not rely on the label.

At the summary judgment stage, the plaintiff must point to record evidence which creates an issue of fact as to causation, an essential element of the plaintiff's failure to warn claim. See So. Solvents, Inc. v. New Hampshire, Ins. Co., 91 F.3d 102, 104 (11th Cir. 1996) (per curiam) (stating that when the movant meets its burden on summary judgment, "the non-movant must then designate, by affidavits, depositions, admissions, and answers to interrogatories, specific facts showing the existence of a genuine issue for trial."). Instead of meeting his burden, the plaintiff states that "[he] does not intend to argue that the ladder warning labels (or their ambiguity) necessarily caused Plaintiff's fall." Response at 1.

8

There are numerous products liability cases which hold that a consumer's failure to read a warning label on a product defeats a failure to warn claim. See Leoncio v. Louisville Ladder, Inc., 601 F. App'x 932, 933 (11th Cir. 2015) (per curiam) (affirming summary judgment for the manufacturer and noting that "Florida law is clear that [the plaintiff]'s failure to read the warning cuts off [defendant]'s liability based on the alleged inadequacy of the warning."); Alvarez v. Gen. Wire Spring Co., No. 8:07-CV-1319-T-33TGW, 2009 WL 248264, at *9 (M.D. Fla. Feb. 1, 2009) (stating that "[b]ecause Mr. Alvarez did not read the warnings, the Alvarezes cannot show that the failure to warn was the proximate cause of Mr. Alvarez's injuries."); Lopez v. S. Coatings, Inc., 580 So. 2d 864, 865 (Fla. 3d DCA 1991) (stating that "[w]here the person to whom the manufacturer owed a duty to warn-in this case, the painter – has not read the label, an inadequate warning cannot be the proximate cause of the plaintiff's injuries.").

Here, it is undisputed that the plaintiff read the label. SOF at ¶ 8; RSOF at ¶ 8. However, the plaintiff also acknowledged that he did not rely on the label to set up the ladder. RSOF at ¶ 12. Because the plaintiff read, but did not rely on the label, the plaintiff cannot show that the inadequate label proximately caused the plaintiff's fall. "Where the undisputed facts demonstrate the plaintiff **disregarded or ignored** an allegedly inadequate warning, the plaintiff cannot establish an ineffective warning was the proximate cause of his injuries, and summary judgment against the plaintiff is appropriate." Leoncio v. Louisville Ladder, Inc., No. 13-21837-CIV, 2014 WL 11429056, at *4 (S.D. Fla. Apr. 8, 2014), aff'd, 601 F. App'x 932 (11th Cir. 2015) (emphasis added;

9

footnote omitted) (granting summary judgment for defendant where plaintiff failed to read warning label).

The plaintiff has also not presented any evidence of what adequate warnings should have been given or cited any record evidence that he would have relied on the warning and instruction label had the defendant provided an adequate one. "To establish proximate cause, a plaintiff must prove that had the manufacturer provided an adequate warning, Plaintiff would have changed his behavior so as to avoid injury." Gwaltney v. Intermetro Indus. Corp., No. 8:08-CV-1281-T-17TBM, 2009 WL 10670209, at *4-5 (M.D. Fla. Aug. 19, 2009) (granting summary judgment for the defendant on the issue of causation where "[p]laintiff ha[d] not presented any alternative warning that Plaintiff believe[d wa]s adequate, nor ha[d p]laintiff presented evidence suggesting that [p]laintiff's behavior on the day of the accident would have been changed.").

Additionally, the plaintiff states in his response that "[he] does not intend to argue that the ladder warning labels (or their ambiguity) necessarily caused Plaintiff's fall." Response at 1. The plaintiff's expert also testified that the label did not cause the plaintiff's injuries. RSOF at ¶ 16. "A plaintiff must demonstrate that any alleged deficiencies or defects in a warning were the proximate cause of his injuries." Leoncio, 2014 WL 11429056, at *4. The plaintiff's failure to cite to any record evidence to support an essential element of his claim – proximate cause – precludes the Court from submitting this element to the jury and entitles the defendant to summary judgment on the failure to warn claim in Count II.

Because the Court will grant summary judgment for the defendant on the issue of causation, the Court will not address the defendant's other arguments: the

purportedly "accurate, clear and unambiguous" label and the necessity of a warnings expert in this type of case.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Defendant's Motion for Partial Summary Judgment Against Plaintiff and Incorporated Memorandum of Law (DE# 18, 1/2/18) is **GRANTED**. The defendant is entitled to summary judgment on the failure to warn claim in Count II.

DONE AND ORDERED in Chambers, Miami, Florida, this _1_ day of March, 2018.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record