UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-22558-CIV-O'SULLIVAN

[CONSENT]

JORGE MOREJON,

    Plaintiff,

v.

LOUISVILLE LADDER, INC.,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant's Motion to Exclude Opinion Testimony of Oren Masory and Incorporated Memorandum of Law (DE# 27, 2/15/18).

## BACKGROUND

On October 29, 2015, the plaintiff fell while using a ladder manufactured by Louisville Ladder, Inc. (hereinafter "defendant"). The Amended Complaint alleges the following causes of action against the defendant: strict liability (Count I) and strict liability (negligence) (Count II). Amended Complaint (DE# 1-3). On March 1, 2018, the Court granted partial summary judgment in favor of the defendant on the failure to warn claim in Count II. See Order (DE# 30, 3/1/18).

On February 15, 2018, the defendant filed the instant motion seeking to exclude or limit the testimony of the plaintiff's liability expert, Oren Masory, Ph.D. See Defendant's Motion to Exclude Opinion Testimony of Oren Masory and Incorporated Memorandum of Law (DE# 27, 2/15/18) (hereinafter "Motion"). The plaintiff filed his response on March 12, 2018. See Plaintiff's Response in Opposition to Defendant's

Motion to Strike Plaintiff's Expert (DE# 33, 3/12/18) (hereinafter "Response"). The defendant filed its reply on March 19, 2018. See Defendant's Reply to Plaintiff's Response in Opposition to Motion to Exclude Opinion Testimony of Oren Masory (DE# 36, 3/19/18) (hereinafter "Reply").

This matter is ripe for adjudication.

## **STANDARD OF REVIEW**

Under Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993) and Rule 702 of the Federal Rules of Evidence, the Court serves as a gatekeeper to the admission of scientific evidence. Quiet Technology DC-8 v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340 (11th Cir. 2003) (citing Daubert, 509 U.S. 579, 589 (1993) and McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002)); Rink v. Cheminova, 400 F.3d 1286, 1291 (11th Cir. 2005). To determine the admissibility of expert testimony under Rule 702, the Court must undertake the following three-part inquiry:

> (1) [T]he expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated by Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand evidence or to determine a fact in issue.

Quiet Technology, 326 F.3d at 1340-41 (citing City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998) (citing Daubert, 509 U.S. at 589) (other citation omitted). The Eleventh Circuit cautioned that although some overlap among the inquiries regarding expert qualifications, reliability and helpfulness exist, "these are distinct concepts that courts and litigants must take care not to conflate." Id. at 1341.

To determine reliability, the court considers:

(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known and potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community.

Id. (citing McCorvey, 298 F.3d at 1256 (citing Daubert, 509 U.S. at 593-94)). "'A district court's gatekeeper role 'is not intended to supplant the adversary system or the role of the jury.'" Id. (citing Maiz v. Virani, 253 F.3d 641, 666 (11th Cir. 2001) (quoting Allison v. McGhan, 184 F.3d 1300, 1311 (11th Cir. 1999)). "Quite the contrary, '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" Id. (quoting Daubert, 509 U.S. at 596).

"The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Stewart v. Hooters of America, Inc., No. 8:04-CV-40-T-17-MAP, 2007 WL 1752843, *1 (M.D. Fla. 2007) (citing Luce v. United States, 469 U.S. 38, 41 (1984)). District courts have broad discretion in deciding to admit or exclude expert testimony. Gen. Elec. Co. v. Joiner, 522 U.S. 136, 142 (1997).

## ANALYSIS

The defendant seeks to limit or exclude the testimony of the plaintiff's liability

3

expert, Oren Masory, Ph.D., on the following grounds:

> Dr. Masory is not qualified to offer opinions regarding an alleged defect with the subject ladder, and Dr. Masory's opinions are conclusory, unsubstantiated ipse dixit, and lack the requisite reliability to satisfy the requirements of Federal Rule of Evidence 702 and the requirements espoused by the United States Supreme Court in Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and its progeny.

Motion at 2.

### 1. Qualification

The defendant argues that Dr. Masory is not qualified to render opinions regarding the ladder's alleged design defect[1] because Dr. Masory: (1) "has no experience with ladders, in particular, extension ladders;" (2) "has never designed a ladder or a component part for a ladder;" (3) "has never taken any course(s) regarding ladder safety" and (4) "has never used an extension ladder to access a roof." Motion at 9-10.

The plaintiff responds that "Dr. Masory holds a bachelor's degree in mechanical engineering, a master's degree in mechanical engineering and a Ph.D. in mechanical engineering" which "is the 'branch of engineering concerned primarily with the industrial application of mechanics and with the production of tools, machinery, and their products.'" Response at 3 (quoting https://www.merriam-webster.com).

Rule 702 permits a person to qualify as an expert based upon knowledge, skill, experience, training, or education. United States v. Frazier, 387 F.3d 1244, 1260-61

---

[1] The defendant also argues that Dr. Masory is not qualified to render opinions with respect to allegedly inadequate warning labels. That issue was mooted on March 1, 2018, when the Court granted partial summary judgment in favor of the defendant on the failure to warn claim in Count II. See Order (DE# 30, 3/1/18). Therefore, the Court will not further address the defendant's arguments with respect to warning labels.

4

(11th Cir. 2004) (en banc). "Determining whether a witness is qualified to testify as an expert 'requires the trial court to examine the credentials of the proposed expert in light of the subject matter of the proposed testimony.'" Clena Inv., Inc. v. XL Specialty Ins. Co., 280 F.R.D. 653, 660 (S.D. Fla. 2012) (quoting Jack v. Glaxo Wellcome, Inc., 239 F. Supp. 2d 1308, 1314-16 (N.D. Ga. 2002)). The qualification "inquiry is not stringent, and so long as the expert is minimally qualified, objections to the level of the expert's expertise [go] to credibility and weight, not admissibility." Clena Inv., Inc., 280 F.R.D. at 660 (citing Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co., 674 F. Supp. 2d 1321, 1325 (S.D. Fla. 2009) (citations and internal quotation marks omitted; alteration in original)). The Court finds that Dr. Masory is qualified to render opinions with respect to the subject ladder. Any perceived weaknesses in Dr. Masory's background and experience can be addressed during cross-examination.

**2.    Reliability**

The defendant also argues that "[t]he methodology used by Dr. Masory to formulate his opinions is not reliable." Motion at 11. The defendant notes that "Dr. Masory did not perform any testing, computer modeling, simulations, animations, or accident reconstruction to reach or support his opinions in this matter." Id.

Reliability is different than believability or persuasiveness, which remains an issue for the trier of fact. Rink v. Cheminova, Inc., 400 F.3d 1286, 1293 n. 7 (11th Cir. 2005). To evaluate the reliability of an expert opinion, courts consider, to the extent practicable: (1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential

5

rate of error of the particular scientific technique and (4) whether the technique is generally accepted in the scientific community. These factors are illustrative, not exhaustive; not all of them will apply in every case, and in some cases other factors will be equally important in evaluating the reliability of proffered expert opinion. Frazier, 387 F.3d at 1261-62.

The defendant notes that Dr. Masory opines "that the subject ladder 'slipped' because Plaintiff had to shift his center of gravity outside of the ladder's rails in order to access the roof" and that this opinion is based on a test wherein Dr. Masory hung a 25 pound weight from a rung of the ladder even though the plaintiff weighs approximately 200 pounds. Motion at 4, 11. Dr. Masory has filed an affidavit in response to the instant motion wherein he explains why a 200 pound weight is not necessary: "The test I was performing in that instant concerns the lateral coefficient of friction between the ladder and the roof. The coefficient of friction is independent of the load. As far as the physics are concerned, there is no need to apply a weight of 200 lbs." Affidavit of Oren Masory (DE# 32-2 at ¶ 8, 3/12/18). To the extent the defendant wishes to demonstrate that Dr. Masory's opinion may be deficient because he used the wrong weight, the defendant is free to vigorously cross-examine Dr. Masory at trial. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596.

The defendant also challenges the reliability of Dr. Masory's methodology because Dr. Masory did not take into account "three critical factors:" the lateral force exerted by the plaintiff when he descended the ladder, the placement of the ladder

6

against the roof and the angle which the plaintiff approached the ladder. Motion at 11. The defendant cites to Dr. Masory's deposition testimony wherein he explained why the plaintiff was able to climb the ladder two prior times without falling:

> Q. Explain to me what the difference was between the two times he was able to successfully climb up and down the ladder in the same exact location as where the accident happened, and then was able to climb up in the same exact location, disembark the ladder, get on the roof, get back on the ladder, and climb down.
>
> [PLAINTIFF'S COUNSEL]: Form.
>
> A. The answer is like this. You can step downstairs 50 times and end up in the 51st time you might trip, and nobody made any changes in the stairs. So it might happen that Mr. Morejon, you know, approached the ladder with, you know, maybe slightly different angle. Maybe he was stepping on a different place on the rung. The -- maybe, you know, there were a few variations in the way he did it last time and the new time and this might cause it. It doesn't mean that somebody really moved the ladder. The whole process of stepping from the roof down is not really accurate. Nobody tells you how to do this. So one time he was hitting [the] edge of the rung and one time the other edge of the rung, one time in this particular angle, this is another angle. This is [a] variation that might cause this ladder to tip.
>
> [DEFENDANT'S COUNSEL]:
>
> Q. That's all speculation on your part. You don't know, do you?
>
> A. Nobody knows.

Deposition of Oren Masory (DE# 27-1 at 16). The defendant cites to this testimony as evidence that Dr. Masory's failure to account for these factors renders his methodology unreliable. Motion at 11-12. Again, to the extent the defendant wishes to demonstrate that Dr. Masory's opinion may be deficient because he should have taken additional factors into account, the defendant is free to vigorously cross-examine Dr. Masory on that subject at trial.

7

The defendant also argues that Dr. Masory's opinion that the subject ladder is "unsafe" is not relevant because the ladder's safety is not the correct legal standard. Rather, the "[p]laintiff must prove that the product, here, a ladder, is 'defective or created an unreasonably dangerous condition.'" Id. at 12. (quoting Benetiz v. Synthes, Inc., 199 F. Supp.2d 1339, 1343 (M.D. Fla. 2002). The plaintiff did not address this argument. Accordingly, Dr. Masory will be prohibited from testifying that the subject ladder is unsafe as opposed to defective and/or unreasonably dangerous.[2]

The defendant further argues that Dr. Masory should be prohibited from arguing that a walk-through device at the top of the ladder would have prevented the plaintiff's fall because "Dr. Masory has no experience with the walk-through device, and never performed any sort of testing or risk-hazard analysis with regard to said device." See Motion at 12. The defendant also notes that "[b]y [Dr. Masory's] own admission, even with a walk-through device on the ladder, lateral forces could still cause it to slip on its side." Id. The plaintiff does not specifically address this argument in his response. Accordingly, Dr. Masory will not be permitted to opine that a walk-through device at the top of the ladder would have prevented the plaintiff's fall.

3. **Usefulness**

Finally, the defendant states that Dr. Masory's opinions are not useful because

---

[2] The Court notes that Dr. Masory relies on the correct legal standard when he opines in his affidavit that "[t]he ladder is **defective (and unreasonably dangerous)** because there is no way to get on or off the ladder to a roof without exerting lateral (that is sideway) forces which cause a sufficient moment of instability." Affidavit of Oren Masory (DE# 32-2 at ¶ 5, 3/12/18) (emphasis added). Nonetheless, to the extent Dr. Masory also seeks to opine that the subject ladder is unsafe, that testimony will be excluded.

they "are based on a flawed methodology, assumptions, and they are conclusory in nature." Motion at 13.

The third requirement for admissibility is that the expert testimony must assist the trier of fact. "[E]xpert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person . . . . Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Frazier, 387 F.3d at 1262-63. The Court finds that Dr. Masory's testimony will assist the jury because it is beyond the purview of the average juror.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Defendant's Motion to Exclude Opinion Testimony of Oren Masory and Incorporated Memorandum of Law (DE# 27, 2/15/18) is **GRANTED in part and DENIED in part**. Dr. Masory's opinion is excluded to the extent he wishes to opine that the ladder is unsafe as opposed to the ladder being defective and/or unreasonably dangerous. Dr. Masory is also not permitted to testify that a walk-through device at the top of the ladder would have prevented the plaintiff's fall.

DONE AND ORDERED in Chambers, Miami, Florida, this 27 day of March, 2018.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record

9